Good morning, Your Honors. My name is Martin Molina. I was appointed by the court to handle the appeal before the Ninth Circuit on this matter, and I will kindly request that two minutes be reserved for rebuttal. All right. I'll try to help you out, but keep your eye on the clock as well, please. Thank you. Your Honors, this is a case where Ms. Salazar received a sentence of 87 months, and the challenge in this appeal is as to the sentence that was imposed in this case. From the get-go at the sentencing hearing, everyone was aware and everyone agreed that this was a case that deserved a variance. The probation officer in the probation report recommended a variance sentence of 48 months. The government also recommended a variance, albeit a higher than the sentence that was actually imposed. Counsel, on your specific objection or appeal on the minor role issue, can you tell me why that issue wasn't waived? Because it wasn't raised, it wasn't signaled on the PSIR. There was no argument made by Ms. Salazar. So, why wasn't that issue actually waived? Not just forfeited, but actually waived? Yes, Your Honor, and the government's argument, of course, is that this issue was waived. Our argument is that this issue was forfeited. This court has taken a very significant approach to the issue of waivers, where it requires that there be a showing, some sort of evidence reflected in the hearing, that this was an intentional relinquishment. Well, the judge brought it up. The judge himself brought it up, saying here's how I'm going to treat this particular issue, and yet again, no, there wasn't an objection. Correct. In order for there to be a knowing and intentional relinquishment, there's got to be a showing that the counsel or the defendant was aware of the correct law in regards to that particular issue. In this case, there was no indication that counsel was aware of the comparative analysis that's required in a minor role determination, and this was something that was not too long ago articulated by this very court in terms of three steps that need to be taken for a minor role determination, which involves the identification of all of the participants in the offense, a calculation of the average level of culpability, and then compare the defendant's conduct to that average level of culpability in order to determine whether or not the person deserves a minor role. So even if we assume that she didn't waive because there was no knowing relinquishment of that right, it's still reviewed for plain error. That is correct. So tell me why it was plainly erroneous. It was plainly erroneous because the court, and again, we understand that under the Ninth Circuit jurisprudence, the court is not required to take all of the factors in the sentencing analysis, but the court has got to provide some findings that reflect that the court considered all of the factors that are embedded under the sentencing analysis and that it also considered how to apply those. And in this case, the district court said two reasons, I'm sorry, three reasons for the denial of the minor role. Number one, it said that it was much for the same reasons stated here by the government, end of quote. And the government in its allocution did not present any arguments regarding minor role. Number two, having independently... Because it wasn't really argued, but can we look at the sentence and the substantial variance that the court did impose to reach the conclusion that there's no reasonable probability she would have gotten a better result? Well, that would be the analysis in order for me to present to the court that her substantial rights were prejudice. I mean, that the error affected her substantial rights. Right, so that's what I'm going to, right? Assuming we get past the issue of waiver and we review the minor role adjustment for plain error, she would have to show that it affected her substantial rights. Correct. So my question to you is, if she already received a substantial variance, favorable variance, is that an indication that her substantial rights are not affected, were not affected? Then we can skip past, okay, the district court didn't articulate any analysis. Is there something wrong with that analysis and with that approach in looking at this issue? Yes, because if we look at the ultimate analysis, at the ultimate variance analysis that was presented by the court, if the court determined the guidelines without the minor role, and that put a sentence of 151 to 188 months, then the court proceeded to the variance analysis. And when the court proceeded to the variance analysis, it said that as a benchmark, the guidelines that would have applied had minor role being given in the case, which would have, the guideline range for minor role was 87 months. And then the court said, you're, definitely this was the case where a variance should apply, and the court ended up determining the 87 months. Now, had the court begun with the minor role analysis in the step one of the guideline calculation, then there's a reasonable probability that then the court would have varied from the 87 months. Because the court, when they, when the court used the minor role in determining the variance, that was, in essence, the court absorbed and took in and considered all of the mitigating factors in her case and ended up giving her the low end of the guidelines for minor role. Had the court began in step one its analysis by granting minor role, there's a reasonable probability that then the sentence here would have been lower than 87 months. Another way to look at this same question Judge DeWin asked is, you know, for a plain error, given what the judge went through, even though you think it's erroneous, the method to get where he did, I mean, is there, can you say there's any likelihood, if we send it back down, that you can get a different result? Well, that's why I, in my brief, I included the three-step analysis on the comparative analysis, reflecting that the level of culpability of Miss Salazar in this case was less than the average level of culpability of the main participants in this case, which was Querrito, the person who was communicating with them from Tijuana, who was providing them instructions as to when to go to Tijuana, providing them instructions what to do there, what to say at the port of entry. Every time they cross into the United States, they communicate to him reflecting that they had crossed into the United States and where to take the drugs to, particularly the number of people that would receive the drugs from them. And there's no indication that they had any proprietary interest other than the fact that they were transporters in this case. So that, in and of itself, shows that Miss Salazar had a plausible argument for receiving a minor role adjustment in this matter. You want it to save a little time? Yes, Your Honor, please. Thank you. Good morning, Your Honors. May it please the Court, Amy Wong on behalf of the United States. This Court has repeatedly, time and again, held a defendant to her burden of establishing that she's eligible for minor role. And this Court has affirmed the denial when the defendant has not met that burden. And that's what this Court should do in this case. Miss Salazar had every opportunity to argue for minor role, supplement the record with additional information, object to the Court's sua sponte independent assessment of her role in this case, but she didn't. As such, she has not met her burden. She's arguably waived the argument for minor role, but at the very least, the District Court was justified in denying the minor role adjustment. And that's why this Court should affirm the decision on that basis. So getting past the waiver issue, what is the government's best argument? The best argument is that the Court did go through, sat through, presided a three-day trial, had extensive evidence on the record about the known participants in the offense, on the record at ER, I believe, 18 to 20, made the independent assessment, said Miss Salazar didn't carry her burden to show that she was eligible. Independent of that, I've looked at the facts. I have reviewed the amendment's 794 factors and determined... Was it a problem that counsel argues that they use this benchmark in determining the guidelines? Was that a problem in the Court's analysis? I don't believe so, Your Honor. I believe that the Court first independently, correctly calculated the guidelines without a minor role adjustment, and then kept in mind that had she been eligible, it would be a lower benchmark. The minor role factors substantially overlap with the 3553A factors in the nature and characteristics of the offense, as well as the defendant's history and characteristics. So I believe that it ultimately benefited Miss Salazar that the District Court kept the lower guideline in mind in determining the extent of the variance under 3553A that the Court ultimately granted her. And it was a significant variance. It was 64 months from the low end of the correct guideline range without minor role. So here, there was no error because Miss Salazar never met her burden. It was certainly not plain because this Court has repeatedly affirmed that the denial of minor role is appropriate when the defendant doesn't meet her burden. That's in Fitzhugh, that's in Marquez, and U.S. v. Fowler. And ultimately, it didn't prejudice her. It didn't affect her substantial rights or the fairness of the proceedings because she benefited from a significant downward variance at the end of the day. And unless this Court has any further questions, I would ask that the Court affirm. It doesn't appear that we do. Thank you. Your Honor, briefly, she received a variance. But the one thing that I'd like to make clear is that the equities in her case, and the 3553A equities in her case, essentially bought her a guideline range based on minor role and the lower end of that sentence. Had the Court applied from the beginning the minor role analysis, then those equities would have bought them a lower sentence than the low end of that benchmark with a minor role analysis. So yes, she got a variance in the case, but with the proper calculation of the minor role guidelines, her variance would have been lower. We've got the gist of the argument. Thank you very much, counsel, to both sides. Thank you for your time. The matter is submitted.
judges: TASHIMA, NGUYEN, MENDOZA